UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20367-CIV-SEITZ/SIMONTON

BUBBLE GUM PRODUCTIONS, LLC,

    Plaintiff,

v.

DOES 1 -80,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE SUBJECT TO A PROTECTIVE ORDER

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, [DE 6], in this copyright infringement action. On April 3 and April 5, 2012, the Court held a hearing on the Motion and heard testimony from Peter Hansmeier, a technician at 6881 Forensics, LLC, who utilized software to identify the Internet Protocol addresses ("IP addresses") of those individuals who allegedly illegally downloaded and shared Plaintiff's video, "Exp Teens-November 25, 2011." Plaintiff now seeks leave to serve Internet Service Providers ("ISPs") with subpoenas pursuant to Fed. R. Civ. P. 45 in order to obtain the identifying information for the subscribers associated with the IP addresses.

Having reviewed the Complaint and the list of IP addresses attached thereto [DE 1, DE 1-3], Plaintiff's Motion and the accompanying affidavit from Mr. Hansmeier [DE 6, DE 6-1, DE 6-2], and having heard Mr. Hansmeier's testimony at the hearing, the Court will grant the Motion.[1] However,

---

[1] The parties are reminded that Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in one action if any right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." The Court will not address, at this time, whether the Defendants are properly joined as Plaintiff has raised the possibility that all or some of the IP addresses

the Court will issue a protective order. Pursuant to Fed. R. Civ. P. 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, the Court finds good cause to issue a protective order because the subscribers associated with the IP addresses identified in the Complaint may not be the individuals who illegally downloaded and shared Plaintiff's video.

Mr. Hansmeier testified at the hearing that if multiple computers are connected to the Internet through a router, they may share an IP address. As such, while there is a single subscriber[2] for the IP address, numerous people may use the computers that connect to the Internet through the router that has that IP address. This could be the case in a household, an apartment building, or a dormitory. Similarly, one computer may be used by multiple people. Thus, while the computer has a single IP address each time it connects to the Internet, and one subscriber, multiple people may use that computer. Thus, the subscribers are not necessarily the individuals who infringed Plaintiff's copyright. Accordingly, although Plaintiff states in the Motion that it seeks the subscribers' identifying information in order to serve the Defendants with the summons and complaint, due to the risk of false identification of infringers, a protective order is necessary to permit the Doe Defendants and the ISPs to challenge the subpoenas before identifying information is provided to Plaintiff and/or to advise the Court that they intend to proceed anonymously. This will protect the privacy rights of innocent Defendants who might be embarrassed that their names are associated with the illegal downloading and sharing of a pornographic video. *See e.g. Digital Sin, Inc. v. John*

---

may be owned by a single Defendant, which would render the issue of joinder moot as to those Defendants. However, for other Defendants, the Court may consider, at a later date, either upon motion or *sua sponte*, whether joinder is proper based on the fact that the subscribers were present in the swarm on different days and at different times indicating that they may not have shared Plaintiff's video with each other.

[2]A subscriber is the person who has an agreement with the ISP to use Internet service.

*Does 1-176*, 2012 U.S. Dist. LEXIS 10803, at *8-*11 (S.D.N.Y. January 30, 2012). Accordingly, it is

ORDERED that Plaintiffs' Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [DE-5] is GRANTED [DE 6];

IT IS FURTHER ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in Exhibit A attached to the Complaint [DE 1-3] and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including **name, current (and permanent) address, and Media Access Control address. The subpoena shall have a copy of this Order attached.**

IT IS FURTHER ORDERED that the ISPs will have **60 days** from the date of service of the Rule 45 subpoena upon them to serve Does 1-80 with a copy of the subpoena and a copy of this Order. The ISPs may serve Does 1-80 using any reasonable means, including written notice sent to her or his last known address transmitted either by first-class mail or via overnight delivery.

IT IS FURTHER ORDERED that Does 1-80 shall have **30 days** from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. **The ISPs may not turn over the Doe Defendants' identifying information to Plaintiff before the expiration of the 30-day period. Additionally, if a Defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any**

**information to Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISPs to resume in turning over the requested discovery. However, during this time, the ISPs shall preserve any subpoenaed information.**

IT IS FURTHER ORDERED that **if the 30-day period lapses without a Doe Defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.**

IT IS FURTHER ORDERED that any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint;

IT IS FURTHER ORDERED that Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers;

IT IS FURTHER ORDERED that any entity that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

DONE AND ORDERED in Miami, Florida, this 5th day of April, 2012.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Andrea M. Simonton
      All counsel of record