May 21, 2012

M

U.S. Courthouse
400 North Miami Ave.
Miami, FL 33128

FILED by _____ D.C.

MAY 2 9 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Case No. 12-20367-CIV Seitz/Simonton

M:

We have endeavored to forward this motion to the correct party but are unsure as explicit information for mailing Pro Se material and to who could not be found. The Winter Haven Seniors Association and Doe 1 **of** 80 are located over 200 miles from your location so we do not have the ability to personally present the motion as directed. In fact walking to a local mailbox would be a major accomplishment for half our members (64).

Our motion does not include any name or address information but will we make it available to the Court at any time without reservation. We have omitted this information on the motion as at this time Doe 1 **of** 80 is only identified by an ISP address on a Verizon et al subpoena and to do so would provide the plaintiffs with the exact information they are seeking without due process when they receive a copy of the 'Motion to Quash' as required. It is rather a 'catch 22' situation.

Given our Associations very sincere efforts to follow all correct legal formats and procedures on behalf of one of our members, we plead the Court will allow us some degree of relief for errors and omissions that were made unintentionally and that the Honorable Judge Patricia A. Seitz will review our motion to quash.

Respectfully submitted:     Winter Haven Seniors Association
                             548 Heather Glen Drive
                             Winter Haven, FL 33884
                             1-863-875-2861

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-20367-CIV-SEITZ/SIMONTON**

**BUBBLE GUM PRODUCTIONS, LLC** : Plaintiff

Vs.

**Does 1 – 80**   : Defendants

## MOTION TO QUASH

Comes now WH Seniors Association on behalf of a Doe –* 1 **of** 80 pro se with this motion ( by invitation of this Court) to quash the subpoena issued to Verizon et al, to provide ISP's personal identity to Plaintiff for alleged downloading of Plaintiff's copyrighted material, DVD – Exp Teens- November 25, 2011, a pornographic product. Doe - * 1 **of** 80, a female of age 70, has enlisted the assistance of the WHS Association for research and technical assistance to aid her in disclaiming and disproving that any personal knowledge of this accusation does not now nor has it ever been so. Doe - *1 **of** 80 will attest that she is subject to a fixed income and can not afford legal representation at this time. Doe 1 **of** 80 can verify that that the associated IPS address does not fall within the jurisdiction of this court.

*This submission is in no way nor is it intended to be an attempt to practice law.*

## DEFENSE

1. As a member of a home owners association, Doe's (1 **of** 80) Wi-Fi connection (by proximity) was intentionally left open (09-2009 thru 05 - 2012) with password access available to various residences for the intended purpose of viewing gate security cameras 24/7. This could encompass 10-40 households or 20 to 120 individuals, any one of which could have compromised her IP address without her knowledge and

1

from a remote location. Doe 1 **of** 80 does not deny that the **possibility** exists that her IP address was compromised however the **probability** of her **knowingly taking part** in this **alleged conspiracy** is **unfounded**.

2. The technician for the plaintiff fails to advise the court either **intentionally or unintentionally** that the information he is providing on offending IP addresses **was gathered via 'indirect detection'** which simply looks at the connected IP addresses in the BitTorrent client and **assumes** illegal data transfer has **actually** taken place. The industry recommended method for collecting **accurate** illegal BitTorrent activity employs **'direct detection'** which involves connecting to one of the IP addresses in the swarm and then exchanging data with that IP address to **confirm** actual copyright infringement has or is taking place.

3. In deference to the Courts time: Exhibit A has been provided as an attachment to this document listing cases that have been **dismissed or modified** by various District Courts finding that the Plaintiff's assertions in all instances were **'possible but not probable'** and **releasing the requested IP information could cause innocent individuals irreputable harm** and infringe upon their First Amendment rights without due process. Three specific excerpts from these suits are cited below:

a) Us District Magistrate Judge Gary R. Brown Eastern District of New York Case No. 2:11-CV-03995 May 1, 2012 (4 Cases dismissed)

"It is no more likely that the subscriber of an IP address carried out a particular computer function – here purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call. **He continues---**
"The plaintiffs in these cases have **employed abusive litigation tactics to extract settlements** from John Doe defendants. Indeed this may be the **principle purpose of these actions,** and these tactics distinguish these plaintiffs from other copyright holders with whom they repeatedly compare themselves. **This situation cries out for relief."**

b) Federal Judge John A. Gibney -U.S. District Court Eastern District of Virginia  * Richmond Division  ( Dismissed three Suits) October 5, 2011 Case No. 3:11-CV-469-JAG

"This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendant's personal information and **coerce payment from them**. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to **'shake down'** the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the **plaintiffs drop the John Doe in order to avoid the actual cost of litigation** and an actual decision on the merits."

c) U.S. District Judge Harold A. Baker, Central District of Illinois  Case No. 2:11-CV-02068  April 29, 2011   (Dismissed)

"This court will not be used to advance a fishing expedition. Moreover, it appears that the **claims of civil conspiracy** themselves **are unfounded**, because the plaintiffs have not pleaded the existence of an agreement among the alleged conspirators.....Additionally, based on what has been pleaded, it does **not appear plausible that plaintiffs could plead the existence of a conspiracy**. Consequently, the court finds that the complaints' allegations of civil conspiracy **are only unjustified attempts to bolster the obtaining of irrelevant discovery about non-parties**." The court also notes that " **its quite clear that this lawsuit was filed not to litigate the actual issues, but to uncover the identities of those they identified to try to <u>threaten them into negotiating a settlement.</u>**"

## SUMMARY

The State of Florida is **overly sensitive** to the well being of its **senior citizens** and investigates instances of attempts to harm them be they physical or financial. **FL-2001 SB 540 – 775.0844** - states 'attempts to obtain $100,000 or more and victimizes: a )10 or more elderly persons; b) 20 or more persons, stipulates a fine

of up to $500,000 . If these **cases continue to go unlitigated, 'intent'** of these law suits **becomes relevant.** The WH Seniors Association has accumulated 400 pages plus of discovery material relating to this suit on behalf of Doe 1 **of** 80. **By direction** of the **State of Florida Attorney Generals Office**, on behalf of Doe 1**of** 80, a copy of the full law suit, the Verizon et al subpoena, this 'motion to quash' and the material in its entirety (sorted and cataloged) have been forwarded for their review.  In addition the WH Seniors Association on behalf of Doe 1 **of** 80 has made this information available to all Senior Associations in its allied network.

Bubble Gum Productions, LLC, has proceeded with **implied malice**. The plaintiff, based on the content of their submission **with grossly overstated conclusions**, can not guarantee **'beyond a reasonable doubt'** that the individual owner of the listed IP address was indeed the person that compromised their copyright **through a concerted effort** and **in harmony** with the other listed IP addressees. Based on the **cited Court dismissals** and the aforementioned defenses, a **'burden of proof'** can not been met which would warrant the disclosure and identity of the requested IP address holders. It is **alleged** that the plaintiff, from past actions and filed law suits, is seeking the **pre-release** of this proprietary information to **force, threaten, coerce, embarrass** or **intimidate** the named addressees into 'negotiating a settlement'.  It is **further alleged** that the plaintiff, **if provided with this information** will be **encouraged to continue abusing the Courts** by filing additional law suits with **no intent** of litigation, seeking only, **'with intent'**, **highly profitable 'out of court 'settlements.**

Doe 1 **of** 80 respectfully begs the Court for a favorable ruling on her behalf and that of the other 79 Does listed in the subpoena.

Signed: _Doe 1 of 80_    Date: _5-21-12_

Doe 1 **of** 80 certifies that a copy of this motion to quash has been forwarded to the plaintiff at the address indicated on the Subpoena 'To Produce Documents' dated 04/06/2012.

Signed: _Doe 1 of 80_    Date: _5-21-12_

# Exhibit A

## Dismissed or Modified Cases

1:10-cv-08760  DigiProtect USA Corporation v John Does 1-240  Judge Paul A Crotty

1:10-cv-08759  DigiProtect USA Corporation v John Does 1-266  Judge Thomas P Griesa

1:10-cv-06255  CP Productions, Inc.  v  Does 1-300    Judge Milton I. Shadur

1:11-cv-00057   West Coast Productions v Does 1- 5829   Judge Colleen Kollar-Kotelly

1:10-cv-06256  Future Blue, Inc.  v  Does 1-300   Honorable Suzanne B. Colon

1:11-cv-01687  West Coast Productions, Inc.  v Does   Judge Amy Berman Jackson

2:11-cv-02068  VPR Internationale v Does 1-1017 Judge Laurel Beeler

3:11-cv-00469  K-Beech, Inc.  v Does 1-85 Judge John A. Gibney

3:11-cv-00531  Patrick Collins, Inc.  v John Does 1-58 Judge John A. Gibney

3:11-cv-00532  Raw Films, Ltd.  V  John Does 1-32  Judge John A. Gibney