UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20367-CIV-SEITZ/SIMONTON

BUBBLE GUM PRODUCTIONS, LLC,

    Plaintiff,

v.

DOES 1 -80,

    Defendants.

_____/

## ORDER STRIKING DEFENDANT DOE 1'S MOTION TO QUASH WITH LEAVE TO REFILE

THIS MATTER is before the Court upon Defendant Doe 1's Motion to Quash, [DE 16], which states that the Winter Haven Seniors Association ("the Association") files the Motion on behalf of Doe 1. [*Id.* at 2]. While the Motion also provides that it "is no way intended to be an attempt to practice law," the Association's action of acting on behalf of Doe 1 in filing the Motion in the Court record is improper and requires striking the Motion. Doe 1 must file her own Motion to Quash or retain counsel to do so.

However, the Court recognizes that Doe 1 intends to proceed anonymously. As such, if Doe 1 refiles the Motion to Quash, on her own behalf, she may also file a Motion for Leave to File the Motion to Quash Under Seal in order to maintain her anonymity to Plaintiff's counsel and the public. Local Rule 5.4 of the United States District Court for the Southern District of Florida provides that the Court may order filings placed under seal and sets forth the procedure for a party to request this relief. A copy of Local Rule 5.4 is included herein. Accordingly, upon review, it is

ORDERED THAT

Defendant Doe 1's Motion to Quash is STRICKEN WITH LEAVE TO REFILE. When refiling, Doe 1 shall mail her motion, any motion for leave to file documents under seal, and any future motions to:

>Clerk's Office
>United States District Court
>Southern District of Florida
>400 North Miami Avenue
>Miami, FL 33128-7716

DONE AND ORDERED in Miami, Florida, this 5th day of June, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Andrea M. Simonton

All counsel of record

Doe 1 c/o Winter Haven Seniors Association
548 Heather Glen Drive
Winter Haven, FL 33884

Court from entering an order with respect to the handling, custody or storage of any exhibit. The Clerk of the Court shall permit United States Magistrate Judges and official court reporters to have custody of exhibits as may be necessary.

**(c) Removal of Exhibits.** All models, diagrams, books, or other exhibits received in evidence or marked for identification in any action or proceeding shall be removed by the filing party within three (3) months after final adjudication of the action or proceeding and disposition of any appeal. Otherwise, such exhibits may be destroyed or otherwise disposed of as the Clerk of the Court may deem proper.

**(d) Closed Files.** Upon order of the Chief Judge, the files in all actions or proceedings not pending nor on appeal may be forwarded to the Federal Records Center serving this District. Thereafter, persons desiring use of any such files may, upon payment of the appropriate fee and completion of a request form furnished by the Clerk of the Court, request that such files be returned for examination in the Clerk's Office.

Effective Dec. 1, 1994. Amended effective April 15, 2007; April 15, 2010.

### Authority

(1993) Former Local Rule 8, as amended by Administrative Order 91-54.

### Comments

(1993) Corrects typographical error. Renumbered per Model Rules. Minor stylistic changes to A, B and C; deletion of reference to Magistrate Judges.

(2007) Amended to conform to CM/ECF Administrative Procedures.

(2010) Amended to conform tabulation to the style used in the federal rules of procedure.

### RULE 5.4 FILINGS UNDER SEAL; DISPOSAL OF SEALED MATERIALS

**(a) General Policy.** Unless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record. Where not so provided, a party seeking to file matters under seal shall follow the procedures prescribed by this Local Rule. Pursuant to Section 5A of the CM/ECF Administrative Procedures, attorneys are prohibited from filing sealed documents electronically.

**(b) Procedure for Filings Under Seal.** A party seeking to make a filing under seal shall:

> (1) Deliver to the Clerk's Office an original and one (1) copy of the proposed filing, each contained in a separate plain envelope clearly marked as "sealed document" with the case number and style of the action noted on the outside. The Clerk's Office shall note on each envelope the date of filing and docket entry number.

(2) File an original and a copy of the motion to seal with self-addressed postage-paid envelopes, setting forth a reasonable basis for departing from the general policy of a public filing, and generally describing the matter contained in the envelope. The motion shall specifically state the period of time that the party seeks to have the matter maintained under seal by the Clerk's Office. Unless permanent sealing is sought, the motion shall set forth how the matter is to be handled upon expiration of the time specified in the Court's sealing order. Absent extraordinary circumstances, no matter sealed pursuant to this Local Rule may remain sealed for longer than five (5) years from the date of filing.

(3) Accompany the motion with a completed sealed document tracking form, which can be obtained from the Clerk's Office in any Division or downloaded from the forms section of the Court's Web site (www.flsd.uscourts.gov).

**(c) Court Ruling.** If the Court grants the motion to seal, the Clerk's Office shall maintain the matter under seal as specified in the Court order. If the Court denies the motion to seal, the original and copy of the proposed filing shall be returned to the party in its original envelope.

**(d) Disposition of Sealed Matter.** Unless the Court's sealing order permits the matter to remain sealed permanently, the Clerk of the Court will dispose of the sealed matter upon expiration of the time specified in the Court's sealing order by unsealing, destroying, or returning the matter to the filing party.

Effective April 15, 2000. Amended effective April 15, 2001; April 15, 2005; April 15, 2007; April 15, 2010.

### Comments

(2000) This Local Rule codifies existing procedure. By its terms, this Local Rule does not apply to materials covered by specific statutes, rules or court orders authorizing, prescribing or requiring secrecy. However, the Clerk's Office and litigants may find it helpful to complete a "Sealed Filing Cover Sheet" in the form set forth at the end of this Local Rule for materials being filed under seal after the entry of, and pursuant to, a protective order governing the use and disclosure of confidential information.

(2001) The current amendments are intended to reflect more accurately existing procedures, and to assist the Court in the maintenance and ultimate disposition of sealed records by creating a form order which specifies how long the matter is to be kept under seal and how it is to be disposed of after the expiration of that time. By its terms, this Local Rule does not apply to materials covered by specific statutes, rules or court orders authorizing, prescribing or requiring secrecy. However, litigants are required to complete an "Order Re: Sealed Filing" in the form set forth at the end of this Local Rule for materials being filed under seal after the entry of, and pursuant to, a protective order governing the use and disclosure of confidential information.

(2005) The form order previously prescribed by this Local Rule has been deleted. This Local Rule is intended to conform to current case law. *See, e.g., Press–Enterprise Co. v. Super. Ct.,* 478 U.S. 1 (1986); *Globe Newspaper Co. v. Super. Ct.,* 457 U.S. 596 (1982); *Richmond Newspapers, Inc. v.*

*Virginia,* 448 U.S. 555 (1980); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589 (1978); *United States v. Valenti,* 987 F.2d 708 (11th Cir. 1993); *Newman v. Graddick,* 696 F.2d 796 (11th Cir. 1983). The sealed document tracking form is an administrative requirement.

(2007) Amended to conform to CM/ECF Administrative Procedures.

(2010) Amended to conform tabulation to the style used in the federal rules of procedure.

**RULE 5.5 ELECTRONIC FILING THROUGH CM/ECF [Repealed]**

Effective April 15, 2003. Amended effective April 15, 2007. Repealed Dec. 1, 2011.

### Comment

(2011) Repealed as redundant of Local Rule 5.1.

**RULE 7.1 MOTIONS, GENERAL**

**(a) Filing.**

> (1) Every motion when filed shall incorporate a memorandum of law citing supporting authorities, except that the following motions need not incorporate a memorandum:
>
>> (A) petition for writ of habeas corpus ad testificandum or ad prosequendum;
>>
>> (B) motion for out-of-state process;
>>
>> (C) motion for order of publication for process;
>>
>> (D) application for default;
>>
>> (E) motion for judgment upon default;
>>
>> (F) motion to withdraw or substitute counsel;
>>
>> (G) motion for continuance, provided the good cause supporting it is set forth in the motion and affidavit required by Local Rule 7.6;
>>
>> (H) motion for confirmation of sale;
>>
>> (I) motion to withdraw or substitute exhibits;
>>
>> (J) motion for extensions of time providing the good cause supporting it is set forth in the motion;
>>
>> (K) motion for refund of bond, provided the good cause supporting it is set forth in the