UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20367- PAS

BUBBLE GUM PRODUCTIONS, LLC.

        Plaintiff,

v.

DOES 1 – 80,

        Defendants.

_____/

**PLAINTIFF'S RESPONSE TO AND MOTION TO STRIKE "NOTICE OF NONCOMPLIANCE," AND TO STAY AND RECONSIDER AUGUST 2, 2012 ORDER**

Plaintiff, Bubble Gum Productions, LLC, respectfully requests that this Court enter an Order striking the "Notice of Noncompliance" purportedly filed by an unidentified Internet Protocol ("IP") address owner, because the individual has not obtained leave of court to proceed anonymously, and there is no valid basis for the statements set forth in the Notice. Given that the alleged IP address owner is suggesting that Plaintiff violated the Court's July 19 Order, an extremely serious matter, the IP address owner should, at a minimum, identify him- or herself before the Court relies upon any statement in the Notice.

Plaintiff also respectfully requests that this Court stay and reconsider its August 2, 2012 Order because, while the Court severed Does 2 through 80 on the ground that they were not properly joined as defendants in this case, the Court dismissed the individuals without prejudice, and Plaintiff still has the right to sue each of those Does individually. Plaintiff obtained this Court's permission before seeking the identifying information; it obtained the information lawfully, and it still has valid claims against those who used the IP addresses. Plaintiff should not be forced to first destroy, and then again seek the identical information for Does 2 through 80

1

when it has already demonstrated a valid basis and pressing need for that information, and where it has an absolute entitlement under the law to initiate separate lawsuits against those individuals. Furthermore, as set forth in the Motion that the Court granted to allow Plaintiff to obtain that information (ECF 9), the identifying information no longer exists due to the relatively short document retention times for many ISPs; forcing Petitioner to destroy this information may thus also destroy any ability for it to redress copyright infringement from those IP addresses.

## INTRODUCTION

Plaintiff initiated this litigation on January 30, 2012. (ECF 1.) On April 6, 2012, this Court granted Plaintiff's motion for leave to take expedited discovery before the Federal Rule of Civil Procedure 26(f) to subpoena the internet service providers ("ISPs") for the IP addresses attached to the Complaint. (ECF 9.) This Court subsequently, on July 19, 2012, dismissed without prejudice Defendants 2 through 80 on the ground that they were not properly joined in this lawsuit. (ECF 40.) In that Order, the Court ordered Plaintiff to do two things: (1) identify by July 30, 2012 Doe 1, and (2) inform the ISPs by July 31, 2012 that it withdrew subpoenas relating to Does 2 through 80. *Id.* Plaintiff timely and completely complied with Court's Order. (*See* ECF 43.)

One of the ISPs, Comcast Cable Communications LLC ("Comcast"), subsequently filed a notice of its filing in a "related" case. (ECF 42.) Comcast attached its memorandum in opposition to Plaitniff's motion to compel Comcast to comply with a subpoena served in connection with this case in Washington, D.C., and an order that the U.S. District Court for the District of Columbia made based upon it. (*Id.*) Comcast's filing presented only certain docket entries from the matter pending in the District of Columbia. It did not include Plaintiff's briefs in opposition to what Comcast filed and what the D.C. Court ordered (*see* DC ECF 7, 9). And as

Plaintiff pointed out in those filings, Comcast's document included highly misleading statements; among other things, Comcast represented to the D.C. Court that this Court has dismissed this Case. (*See id.* at 1) which of course is false. The filings by Comcast --- a nonparty to this litigation --- have presented incomplete and misleading information to both this Court and the D.C. Court.

Additionally, a person purporting to own an IP address dismissed from this case filed, on July 27, 2012, a "Notice of Noncompliance" with the Court's July 19 Order, on the ground that it received a letter from Plaintiff's counsel attempting to settle Plaintiff's claims with the IP address owner. (ECF No. 41). This Court issued an order on August 2, 2012 directing Plaintiff to destroy the identifying information for the former Doe Defendants in this case, and to respond to the Notice of Noncompliance. As set forth below, the person who filed the "Notice of Noncomplaince" has proceeded anonymously without leave off this Court, and violated Rule 11 in doing so. The court should therefore strike the Notice. The "Notice of Noncompliance" also fails to identify any noncompliance with the Court's July 19 Order, and the Court should disregard it.

The litigation tactics of both Comcast and the anonymous IP address movant have needlessly complicated this matter. As the Court ordered, Plaintiff timely identified and is proceeding against a single Doe Defendant in this case. Plaintiff timely notified all ISPs served with subpoenas that the subpoenas are withdrawn with respect Does 2 through 80. Plaintiff still has enforceable claims for copyright infringement against the former Does 2 through 80, and intends to pursue those claims individually in separate litigation. Plaintiff respectfully requests that this Court withdraw its August 2, 2012 Order to the extent it calls for the destruction of

3

lawfully-obtained identifying information regarding IP address that Plaintiff observed violating its copyright.

## ARGUMENT

### I. THE COURT SHOULD STRIKE THE NOTICE BECAUSE IT VIOLATES RULE 11.

The IP address owner who purportedly filed the Notice (referred to herein as the "Movant") has not identified him- or herself, and the only name in the document is that of the Movant's counsel. The Movant has not sought or obtained leave to appear anonymously, and offered a basis to proceed anonymously. Federal Courts only grant leave to proceed anonymously in "an unusual case." *United States v. John Doe*, 655 F.2d 920, 922 n 1 (9th Cir. 1980); *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (explaining that the dispensation of anonymity is "rare."); *Doe v. State Bar of California*, 415 F. Supp. 308, 309 n 1 (N.D. Cal. 1976) (expressing "great disfavor" over allowing a party to proceed under the pseudonym "John Doe"). Anonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (gathering cases). The Movant's sole statement in this regard, that he or she has chosen to "remain[] anonymous" (ECF 41 at 1, n.1), falls far short of establishing the high level of potential harm to Movant required for leave to proceed anonymously. *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *8 ("the potential embarrassment or social stigma that [the Doe Defendants] may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed

anonymously.") (citing *Liberty Media Holdings v. Swarm Sharing Hash File*, 2011 WL 5161453 at 7 (D. Mass. Oct 31, 2011)).

Movant, by proceeding anonymously with leave of the Court, has improperly attempted to circumvent the presumptive openness of judicial proceedings. Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11. This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).

District Courts have a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the Court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Movant does not have a cognizable claim of privacy in his subscriber information. *See, e.g.*, *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so.") Courts nationwide routinely deny similar requests to proceed anonymously.

*See e.g.*, *MCGIP, LLC v. John Does 1-32*, No. 11-22210 (S.D. Fla. Oct. 11, 2011), ECF No. 13 at *1-2 ("The filer should not be permitted to proceed anonymously . . . ."); *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at 8 ("Accordingly, in the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332 (D.D.C. 2011) ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously.") Because Movant lacks a compelling privacy interest, Movant should not be permitted to proceed anonymously.

## II. MOVANT HAS NOT IDENTIFIED ANY NONCOMPLIANCE.

While captioned as a "Notice of Noncomplaince," the Movant has failed to identify any violation of the Court's July 19 Order. The Court did not instruct Plaintiff to destroy any identifying information that it had already received in this case. And the Court dismissed Does 2 through 80 *without* prejudice because, it held, those Defendants were improperly joined in this case. The Court did not rule upon the allegations in Plaintiff's Complaint that those IP addresses were used to infringe upon Plaintiff's copyrighted material. Plaintiff gathered identifying information about IP addresses before July 19 and pursuant to this Court's Order allowing it to subpoena the information. Plaintiff has not waived any claims against those individuals, and the Court must allow it to use information that Plaintiff lawfully acquired, in accordance with the Court's prior Orders, so that it can contact those individuals directly and separately, or if circumstances are appropriate, seek to settle claims it still has against those individuals. Plaintiff should not be forced to ignore information that it has lawfully obtained that would allow it to

6

enforce its valid copyright. Federal Rule of Civil Procedure 21 mandates that the Court order severance on terms that are just. Fed. R. Civ. P. 21. Denying Plaintiff the ability to exercise its absolute entitlement to pursue claims on an individual basis is entirely contrary to the mandates of binding law.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order (1) striking the Notice of Noncompliance because it violates Rule 11; (2) holding that Plaintiff has not violated its July 19 Order; (3) vacating its August 2, Order directing Plaintiff to destroy information it lawfully acquired before Entry of the July 19 order; and (4) granting any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

Bubble Gum Productions, LLC

DATED: August 9, 2012

By:   /s/ Joseph Perea
      Joseph Perea, FBN 47782
      Joseph Perea, P.A.
      9100 S. Dadeland Blvd, Ste 1500
      Miami, Florida 33156
      Tel: 305-934-6215
      Fax: 305-396-8752
      E-mail: joperea@perealawfirm.com
      Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 9, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                                                            /s/ Joseph Perea  
                                                                                            JOSEPH PEREA