IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BUBBLE GUM PRODUCTIONS, LLC,

                                                               Case No. 1:12-cv-20367-PAS

     Plaintiff,
v.

DOES 1-80,

     Defendants.
_____/

**REPLY TO PLAINTIFF'S RESPONSE TO AND MOTION TO STRIKE "NOTICE OF NONCOMPLIANCE," AND TO STAY AND RECONSIDER AUGUST 2, 2012 ORDER**

John Doe 67.77.173.88 by and through undersigned counsel, files this reply to Plaintiff's *Response to and Motion to Strike 'Notice of Noncompliance,' and to Stay and Reconsider August 2, 2012 Order*. Plaintiff fails to justify the extraordinary relief sought in its attempt to have this Court reconsider its Order. Thus, this Court should deny the relief sought.

**ARGUMENT**

As a threshold matter, Plaintiff has completely failed to satisfy the stringent standard for consideration under Federal Rule of Civil Procedure 60(b).

> It is well-settled that reconsideration 'is an extraordinary remedy to be employed sparingly.' Relief under Rule 60(b) is available only when one of the following pertain:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Mid-Continent Cas. Co. v. Centerline Homes Const., Inc.*, 10-60484-CIV, 2011 WL 3704255 at *1 (S.D. Fla. Aug. 23, 2011) (internal citation omitted) (denying motion for reconsideration because "the reasons advanced . . . do not justify the extraordinary relief requested"). Plaintiff's filing makes no such showing, and therefore the Court should summarily deny this attempt. "[A] motion for reconsideration is not a vehicle 'to reiterate arguments previously made.' Nor is mere disagreement with the Court's conclusions enough to warrant reconsideration. *Id.* at *1 (internal citation omitted).

Notwithstanding Plaintiff's failure to provide a legitimate basis for reconsideration, Plaintiff makes two arguments in its Response: (1) that the Notice failed to comply with Rule 11 because it included an anonymous declaration; and (2) that the Notice did not identify any noncompliance with this Court's Order. Both arguments fail.

First, the Notice complied with all requirements of Rule 11. Plaintiff's Response appears to have mistakenly omitted a portion of Rule 11. Response at 5. The Rule states: "Every pleading, written motion, and other paper must be signed **by at least one attorney of record in the attorney's name**—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11 (emphasis added). Here, the Notice of Noncompliance clearly met that standard, as it was signed by the undersigned counsel, and does not involve an "unrepresented" party.[1]

Second, as explained in the Notice, "Plaintiff's counsel, on July 23, 2012, after this Court's Dismissal Order, sent a threatening demand letter to John Doe 67.77.173.88 representing that the proceeding was ongoing against all 80 Doe Defendants in this case." Notice at 1. Thus, the noncompliance pointed out by the undersigned involved the Plaintiff using information obtained from a now-vacated subpoena to assert to former Doe Defendants that the case against

---

[1] Further, any attempt to call into question the use of the declaration is meritless. 28 U.S.C. § 1746; *Thomas v. U.S. Dept. of Energy*, 719 F.2d 342, 344 n.3 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.").

them was ongoing, despite the fact that the Court has already dismissed the action against the recipient.

## CONCLUSION

For the reasons contained herein, the Court should deny all relief sought by Plaintiff in its Response.

Respectfully submitted,

LALCHANDANI SIMON PL
By: /s/ Kubs Lalchandani
Kubs Lalchandani
Florida Bar No.:  0063966
kubs@lslawpl.com
Danny Simon
Florida Bar No.:  0016244
danny@lslawpl.com
25 SE 2nd Avenue
Suite 1050
Miami, Florida 33131
Tel:     (305) 999-5291
Fax:    (305) 671-9282
*Attorneys for John Doe 67.77.173.88*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of August 23, 2012.

By: /s/ Kubs Lalchandani
Kubs Lalchandani, Esq.
