UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20367- PAS

BUBBLE GUM PRODUCTIONS, LLC.

    Plaintiff,

v.

DOES 1 – 80,

    Defendants.

_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff by and through the undersigned counsel provides the following notice of supplemental authority in support of its motion to strike notice of noncompliance and motion for reconsideration of the Court's August 2, 2012, Order.

1. The attached Memorandum Opinion by Judge Beryl A. Howell in the U.S. District Court for the District of Columbia addresses the exact issues Your Honor has been concerned about during the past few months. It is herein attached as Exhibit A.

2. Judge Howell explains that consideration of joinder is premature at this juncture, stating that the purpose of joinder under Rule 20 is to promote trial convenience and expedite the final resolution of disputes and that the two prongs of Rule 20 (a) are liberally construed in the interest of convenience and judicial economy. "The impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [and] joinder of claims parties and remedies is strongly encouraged." *United Mine Workers of Am v. Gibbs*, 383 U.S. 715, 724 (1966).

3. Based on the allegations in Plaintiff's complaint, Judge Howell reasoned that any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as the first seed peer is online at the time the subsequent peer downloads a file. (P. 22). Because Plaintiff alleges that each unknown individual is a possible source and may be responsible for distributing the movie to the other unknown individuals, the claims constitute a logical relationship in a broad and "flexible" test. The first requirement of permissive joinder is a "flexible test, and courts seek the 'broadest scope of action.'" (P. 21). The second requirement for permissive joinder is more easily met as the claims are admittedly identical.

4. Judge Howell also indicates that in addition to the two requirements of Rule 20 (a)(2) courts also consider whether joinder would prejudice any party or result in needless delay. Because the Doe Defendants are not legally required to answer the complaint or respond to Plaintiff's pleading, or respond to Plaintiff's letters, Judge Howell reasoned, the Does have not suffered any prejudice. (P. 24. 25-26). Therefore, severance undermines Plaintiff as Plaintiff is burdened with having to file multiple lawsuits, endure additional expenses and burden the court system with additional litigation, costs and time.

5. Judge Howell writes that objections on the grounds of personal jurisdiction and venue are premature and not relevant when there are no named defendants in the case. (P.27). Objections to personal jurisdiction arises pursuant to Rule 12 b(2). Moreover, individuals may choose to waive personal jurisdiction.

6. Judge Howell also wrote, "Upon receipt of the identifying information sought in the subpoenas, the plaintiff is entitled to seek settlement with these individuals, or decide that pursuing a lawsuit against particular defendants is no longer feasible or cost effective. Either

course selected by the plaintiff would give the copyright owner the opportunity to effectuate its statutorily protected rights and thereby serve our system of justice."

7. Judge Howell's memorandum opinion is in depth and substantive. This notice of supplementary authority is not meant to explain the entire exhibit, but Plaintiff prays the Court review the exhibit and reconsiders its earlier decisions.

                              Respectfully submitted,

                              Bubble Gum Productions, LLC

DATED: August 23, 2012

                    By:   /s/ Joseph Perea
                           Joseph Perea, FBN 47782
                           Joseph Perea, P.A.
                           9100 S. Dadeland Blvd, Ste 1500
                           Miami, Florida 33156
                           Tel: 305-934-6215
                           Fax: 888-229-4968
                           E-mail: joperea@perealawfirm.com
                           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on August 23, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                            /s/ Joseph Perea
                                            JOSEPH PEREA