UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20367-CIV-SEITZ/SIMONTON

BUBBLE GUM PRODUCTIONS, LLC,

    Plaintiff,

v.

DOES 1 -80,

    Defendants.
_____/

**ORDER DENYING MOTION TO STRIKE NOTICE OF NONCOMPLIANCE, REFERRING PLAINTIFF'S COUNSEL TO THE FLORIDA BAR AND THE AD HOC COMMITTEE ON ATTORNEY ADMISSIONS, PEER REVIEW, AND ATTORNEY GRIEVANCE, AND DENYING MOTION TO STAY AND RECONSIDER THE COURT'S AUGUST 2, 2012 ORDER**

THIS MATTER came before the Court on Defendant John Doe 67.77.173.88's Notice of Non-Compliance with Court Order [DE 41] and Plaintiff's Response to and Motion to Strike Notice of Non-Compliance and to Stay and Reconsider August 2, 2012 Order. [DE 46]. John Doe 67.77.173.88 states in the Notice of Non-Compliance that after the Court issued its Order granting Defendants' Motions to Sever and dismissing the claims against Does 2-80 without prejudice [DE 40], he received a demand letter from Plaintiff's counsel that represented that the lawsuit against him was ongoing. In response, Plaintiff states that the Court should strike the Notice of Non-Compliance because John Doe 67.77.173.88 has not sought leave of the Court to proceed anonymously and, as such, the Notice violates Rule 11 of the Federal Rules of Civil Procedure. Plaintiff also maintains that it did not violate a Court order by sending the demand letter. Moreover, Plaintiff requests that the Court reconsider an Order issued on August 2, 2012 requiring Plaintiff to immediately destroy

1

all identifying information it received as to Does 2-80 in response to the third party subpoenas issued to the Internet Service Providers ("ISPs").

**Notice of Non-Compliance With Court Order**

First, the Court will deny Plaintiff's motion to strike the Notice of Non-Compliance. Plaintiff conflates two distinct issues in his request, namely the signature requirement set forth in Rule 11 and the right to proceed in litigation anonymously. Rule 11 plainly states that documents filed with the Court must be signed either by the attorney of record or by the party, if the party is proceeding *pro se*. *See* Fed. R. Civ. P. 11(a). The fact that John Doe 67.77.173.88 did not sign the Notice of Non-Compliance is irrelevant because he is represented by counsel who signed the document. Moreover, Plaintiff's objection to John Doe 67.77.173.88 proceeding anonymously is inapt. One of the primary issues in this case has been whether Plaintiff is entitled to identifying information for the Doe Defendants. Because the Court severed Does 2-80 and dismissed the claims against them, it vacated a previous order granting early discovery and directed that "Plaintiff is no longer permitted to conduct early discovery to obtain the subscribers' identifying information for IP addresses associated with Does 2-80." [DE 40]. As such, John Doe 67.77.173.88's anonymity should have remained intact. However, Plaintiff had already obtained John Doe 67.77.173.88's identifying information. Plaintiff then used that information to contact him directly via a demand letter. Thus, Plaintiff's argument that the Court should strike the Notice of Non-Compliance because John Doe 67.77.173.88 continues to proceed anonymously is without merit.

Moreover, Plaintiff maintains that it did not violate a Court order by sending the demand letter because (1) when it sent the letter, it had not yet been ordered to destroy the identifying information for Does 2-80; (2) the identifying information was obtained in accord with the Court's

order permitting issuance of subpoenas to the ISPs; and (3) Plaintiff still has valid claims against Does 2-80 and should be permitted to contact them to settle those claims. The Court must reject Plaintiff's arguments. In the Notice of Non-Compliance, John Doe 67.77.173.88 states and Plaintiff's counsel does not deny, that the demand letter was sent to John Doe 67.77.173.88 *after* the Court issued its Order severing Does 2-80 and dismissing the claims against them without prejudice. In the Order [DE 40], the Court directed Plaintiff to identify Doe 1, against whom it could proceed with its lawsuit. Plaintiff later identified Doe 1 by Internet Protocol address ("IP address"). [DE 43]. Doe 1 is not John Doe 67.77.173.88. As such, following the issuance of the Court's Order severing Does 2-80, Plaintiff no longer had an active lawsuit against John Doe 67.77.173.88. Accordingly, Plaintiff's counsel's statements in the demand letter, [DE 41-1], which expressly and impliedly assert that the lawsuit is active against John Doe 67.77.173.88[1] even though the claims against him had been dismissed, appear to constitute misrepresentations in violation of Rule 4-4.1(a) of the Rules Regulating The Florida Bar.[2] Therefore, the Court will refer Plaintiff's counsel to The Florida Bar and the U.S. District Court for the Southern District of Florida's Ad Hoc Committee on Attorney

---

[1]Specifically, Plaintiff's counsel stated in the demand letter that a copyright infringement lawsuit was filed on 1/30/12 and identifies the lawsuit as Bubble Gum Productions, LLC v. Does 1-80, sets forth the possible damages that can be recovered in a copyright infringement suit, and provides John Doe 67.77.173.88. "with an opportunity to avoid litigation" by settling with Plaintiff. The letter goes on to offer an ultimatum, namely if John Doe 67.77.173.88 does not pay$3,400 by 4 p.m. on August 7, 2012, he will be named in the lawsuit, served with a Complaint, and litigation will begin. Plaintiff's counsel also warns that if John Doe 67.77.173.88 deletes any files from his computer before settlement, the Complaint will be amended to add a spoilation claim against John Doe 67.77.173.88. Further, in a "frequently asked questions" attachment to the demand letter, the question is posed "How do I make this go away?" and the answer is "Paying the settlement fee will immediately release you from liability and close the case." However, in accord with the Court's Order severing Does 2-80, the claims against John Doe 67.77.173.88 had already been dismissed when the demand letter was sent.

[2]It is also noteworthy that Plaintiff's counsel sent the demand letter directly to John Doe 67.77.173.88 despite the fact that he was represented by counsel in the lawsuit. *See* Rule 4-4.2(a) of the Rules Regulating The Florida Bar.

3

Admissions, Peer Review, and Attorney Grievance[3] for investigation.

**Reconsideration of August 2, 2012 Order**

Lastly, Plaintiff requests that the Court reconsider its Order directing Plaintiff to destroy the identifying information for Does 2-80. [DE 44]. Rule 60(b) of the Federal Rules of Civil Procedure allows relief from a final judgment, order, or proceeding due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time ...; (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... reversed or vacated; or (6) any other reason that justifies relief.

Plaintiff maintains that it should not be required to destroy the information because it still has valid claims against Does 2-80 and can sue them separately. Plaintiff also contends that the identifying information no longer exists due to "relatively short document retention times for many ISPs." Plaintiff's arguments do not warrant reconsideration under Rule 60(b). Although Plaintiff is not precluded from suing Does 2-80 separately in other lawsuits, the Court granted leave to conduct early discovery to provide Plaintiff with a means of identifying the Defendants in order to serve them with the summons and complaint in the instant lawsuit. The Court did not authorize the discovery to aid Plaintiff in contacting Does 2-80 to demand money from them. Further, Plaintiff has not provided the Court with anything more than a speculative assertion that the ISPs have destroyed the identifying information for Does 2-80. Lastly, Plaintiff has not informed the Court that it has, in fact, filed other lawsuits against Does 2-80 entitling it to retain the current identifying information in order to serve those Does with the summons and complaints in other lawsuits. As such, Plaintiff's

---

[3]Pursuant to Rule 1 of the Local Rules Governing Attorney Discipline, acts or admissions by an attorney admitted to practice before this Court which violate Chapter 4 of the Rules Regulating The Florida Bar also constitute misconduct in this Court and are grounds for discipline.

motion for reconsideration of the August 2, 2011 Order is denied. Accordingly, upon review, it is

ORDERED THAT

(1) Plaintiff's Motion to Strike Notice of Non-Compliance and to Stay and Consider August 2, 2012 Order [DE 46] is DENIED.

(2) The Court refers Plaintiff's counsel, Joseph Perea, to The Florida Bar and the U.S. District Court for the Southern District of Florida's Ad Hoc Committee on Attorney Admissions, Peer Review for an investigation concerning whether the demand letter sent to John Doe 67.77.173.88 after the Court dismissed the claims against that Defendant violates the Rules Regulating The Florida Bar.

DONE AND ORDERED at Miami, Florida, this 7th day of September, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton

Counsel of Record

Clinton Payne, Chair, U.S. District Court for the Southern District of Florida's Ad Hoc Committee on Attorney Admissions, Peer Review
Demahy, Labrador, Drake, Payne & Cabeza
150 Alhambra Circle, Circle-penthouse
Coral Gables, Florida 33134-4527
(305) 443-4850 ext. 120
cpayne@dldlawyers.com

Arlene K. Sankel, Chief Branch Discipline Counsel
Suite M100, Rivergate Plaza
444 Brickell Avenue
Miami, Florida 33131-2404
(305)377-4445